IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALAMAR CYRIL HOUSTON,

    Plaintiff,                         No. CIV S-03-1625 FCD JFM P

    vs.

BUCK, et al.,

    Defendants.                   <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant Buck violated his rights under the Eighth Amendment by sexually harassing him on the morning of July 6, 2002. This matter is before the court on defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

        Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions

1

on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

1    In the endeavor to establish the existence of a factual dispute, the opposing party
2 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
3 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
4 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
5 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
6 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
7 committee's note on 1963 amendments).

8    In resolving the summary judgment motion, the court examines the pleadings,
9 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
10 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
11 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
12 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
13 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
14 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
15 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
16 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
17 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
18 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
19 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

20    On November 24, 2003, the court advised plaintiff of the requirements for
21 opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v.
22 Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and
23 Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

24                                      ANALYSIS

25    On the morning of July 6, 2002, defendant Buck, a correctional officer at Deuel
26 Vocational Institution, directed plaintiff to "come over here and let me feel on you."  (Exhibit A

to Complaint, filed August 1, 2003, at 8.)[1] Defendant Buck followed those directions with a pat down search during which he "squeezed parts of [plaintiff's] body that identified with his sexual slur." (Id. at 10.) Plaintiff claims defendant Buck "passionately squeezed" plaintiff's arm, ribs, and buttocks. (Id. at second page after enumerated page 12.)[2]

Defendant Buck seeks summary judgment on the grounds that (1) verbal conduct alone is insufficient to support a claim for violation of the Eighth Amendment; (2) he was authorized to conduct a pat search of plaintiff and crude comments cannot transform that authorized conduct into a constitutional violation; (3) touching without physical injury does not support liability in this § 1983 action; and (4) he is entitled to qualified immunity.

In support of his first three arguments, defendant Buck relies on the proposition that verbal harassment, without more, does not violate the constitution, he contends that the facts of this case show that he only touched plaintiff within lawful parameters of the pat search he was authorized to perform, and he argues that the verbal harassment cannot transform that otherwise lawful pat search into a constitutional violation. In addition, relying on 28 U.S.C. § 1997e(e), defendant Buck argues that Eighth Amendment claims based on inappropriate touching must be accompanied by a showing of physical injury.

Defendant Buck is correct that verbal sexual harassment of a prison inmate, without more, does not violate the Eighth Amendment. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (citing Blueford v. Prunty, 108 F.3d 251, 254-55 (9th Cir. 1997). It is also established that physical sexual abuse of an inmate violates the Eighth Amendment. See Austin, supra, (citing Schwenk v. Hartford, 204 F.3d 1187, 1997 (9th Cir. 2000). In the instant case, it is undisputed that defendant Buck also touched plaintiff. Defendant Buck contends that the

---

[1] Defendants' motion for summary judgment is predicated entirely on the facts set forth in plaintiff's complaint. See Separate Statement of Undisputed Facts, filed February 24, 2005.

[2] Exhibits appended to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c).

4

touching was limited to that necessary to conduct the pat search of plaintiff. That contention, however, is predicated on an interpretation of the allegations of plaintiff's complaint that reads those allegations too narrowly. As noted above, plaintiff alleges that defendant Buck "passionately squeezed" plaintiff's body in areas that corresponded to the sexual slurs. Whether defendant Buck's touching of plaintiff exceeded or was limited to that necessary to perform the pat search is a disputed issue of fact. Whether that factual dispute is material to plaintiff's claim turns on whether a sexual harassment claim requires a showing that an alleged sexual assault caused physical injury.

This third aspect of defendant Buck's argument is predicated on his contention that all Eighth Amendment claims by inmates arising out of inappropriate physical contact require a showing of physical injury. Defendant Buck relies on section 1997e(e) of Title 28 of the United States Code, which provides:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. § 1997e(e). Section 1997e(e) bars compensatory damages for a claimed mental or emotional injury absent a showing of physical injury. See Oliver v. Keller, 289 F.3d 623, 629 (9th Cir. 2002). The section does not, however, bar claims for nominal and/or punitive damages arising from alleged violations of an inmate's constitutional rights. Id. at 629; see also Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998).

It is undisputed that plaintiff did not suffer more than de minimis physical injury as a result of the events complained of. Therefore, plaintiff may not recover compensatory damages for the alleged emotional and/or mental harm that he claims followed from defendant Buck's alleged actions. See Oliver, supra. It is also clear, however, that plaintiff has stated a cognizable claim for violation of his Eighth Amendment rights by alleged sexual harassment. (See Amended Findings and Recommendations filed July 23, 2004; Order filed August 16,

5

2004.) In his complaint, plaintiff seeks punitive damages for violation of his Eighth Amendment rights, and his complaint "is consistent with a claim for nominal damages" for the alleged Eighth Amendment violation. Oliver, at 630.[3] Section 1997e(e) does not preclude recovery of such damages on plaintiff's cognizable Eighth Amendment claim.

Defendant Buck also again contends that he is entitled to qualified immunity from liability. Defendant Buck's previous argument that he is entitled to qualified immunity, made on a Rule 12(b)(6) motion to dismiss, was resolved against him. (See Amended Findings and Recommendations filed July 23, 2004; Order filed August 16, 2004.) Here, he renews the defense by asserting that, for the reasons set forth supra, his conduct did not violate the Eighth Amendment. Defendant Buck's arguments in that regard are without merit and he is not entitled to qualified immunity.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's February 24, 2005 motion for summary judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

/////

/////

/////

---

[3] Under the rule announced in Oliver plaintiff may also seek compensatory damages for any harm, other than emotional or mental harm, caused by the alleged Eighth Amendment violation. See Oliver, at 630. It is not clear, however, that plaintiff suffered such damages as a result of the events at bar.

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: May 31, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
hous1625.57